UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY C.-N., | ) |
| Plaintiff, | ) No. 21-cv-2324 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathy C.-N.[1] appeals the decision of the Commissioner of the Social Security Administration denying her application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (Dkt. 18) is GRANTED and Defendant's motion for summary judgment (Dkt. 21) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff filed for disability insurance benefits on November 27, 2018, alleging a disability onset date of December 13, 2013. (Administrative Record ("R.") 18.) Plaintiff's application was denied initially and upon reconsideration. (*Id.*) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 17, 2020. (*Id.*) On October 7, 2020, ALJ Cynthia Bretthauer issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 18-29.) On February 23, 2021, the Appeals Council denied Plaintiff's request for review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see*

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

*Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. (R. 379-394.) At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 13, 2013. (R. 20.) At Step Two, the ALJ found Plaintiff had the severe impairments of obesity and arthralgia/myalgia. (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 23-24.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: no more than frequent crawling, climbing, and kneeling. (R. 24.) At Step Four, the ALJ determined Plaintiff was capable of performing her past relevant work. (R. 28.) Because of these determinations, the ALJ found Plaintiff not disabled under the Social Security Act. (R. 29.)

The record contains several medical opinions based on consultative examinations. Of particular importance, is the opinion of Dr. Kenneth E. Levitan, M.D., which was rendered following a psychiatric consultative examination on February 25, 2019. In its entirety, the ALJ's discussion and analysis of Dr. Levitan's opinion is as follows:

> On February 25, 2019, the claimant underwent a psychiatric consultative examination performed by Dr. Kenneth E. Levitan, M.D. The claimant was observed as having a poor posture and slow-moving gait. It was noted that the claimant was a chronic alcohol abuser, but she denied this. Dr. Levitan noted that the claimant had a mixed-anxiety depression with agoraphobia and probably psychological overlay of physical problems. He opined that the claimant would have difficulty handling mild-to-moderate work pressure and stress. He opined that she could communicate with coworkers and a supervisor, and she could follow, understand, and retain most instructions. This opinion is not persuasive, as the restrictions provided are vague in nature, and do not provide specific restrictions on the claimant's ability to function.

(R. 22 (internal citations omitted).)

2

## II. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III. Discussion

For claims filed after March 27, 2017, the old "treating physician rule"[2] has been replaced by 20 C.F.R. § 404.1520c. Treating physicians' opinions are no longer entitled to presumptive controlling weight; the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Now, the Commissioner does not "articulate in each determination or decision how we considered all of the factors for all

---

[2] 20 C.F.R. § 404.1527.

3

of the medical opinions and prior administrative medical findings in your record;" instead, the ALJ "will articulate how [the ALJ] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in" the regulation. 20 C.F.R. § 404.1520c(b)(1). Consistency and supportability "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be," and, "[t]herefore we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may consider the other factors (*e.g.*, the treating relationship or the provider's specialty), but is not required to do so. *Id.* Regarding the consistency factor, the regulation states "[t]he more consistent a medical opinion…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion…will be." 20 C.F.R. § 404.1520c(c)(2).

The Court does not believe the ALJ followed the requirements in the Social Security Regulations when she considered the opinion of Dr. Levitan. In fact, the Commissioner concedes that "[t]he ALJ should have – but did not – expressly discuss the factors of consistency and supportability." [Dkt. 22 at 13.] Instead, the Commissioner argues that the ALJ would have reached the same conclusion even if she had considered the required elements in analyzing Dr. Levitan's opinion. The Court is not so certain. It is certainly possible the ALJ would find that Dr. Levitan's opinion was neither supportable nor consistent with the record. However, Plaintiff has highlighted ample evidence in the record that Dr. Levitan's opinions were both supportable (*see* dkt. 18 at 10-11) and consistent (*see* dkt. 18 at 11-13.) Without a discussion of the requisite factors, the Court would only be speculating on the ALJ's view. The ALJ is obligated to review medical opinions in line with the regulations and failed to do so in this case. As such, the Court must

4

remand the matter for further proceedings.

## IV. Conclusion

Plaintiff's motion for summary judgment (Dkt. 18) is GRANTED and Defendant's motion for summary judgment (Dkt. 21) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**ENTERED:** August 31, 2022

_____
Susan E. Cox,
United States Magistrate Judge